BALLINGER & SON for plaintiff; HARDIN and THOMPSON for defendant.

---

## Dale *vs.* Hays.                    PET. EQ.

### ERROR TO MONROE CIRCUIT.                Case 27.

1. When a case is removed by change of venue from one county to another, if the case would stand for trial at the succeeding court of the county from which it is removed, and the papers be filed in the clerk's office of the court to which it is removed ten days before the ensuing court, it will stand for trial at that term. (*Chap.* 13, *sec.* 13, *Revised Statutes; Code of Practice. sec.* 517.)

2. Where one interested in opposing the proof of a will appears in the county court, appeals to the circuit court, and then to the court of appeals, and fails in his opposition, he cannot thereafter file a bill in chancery in the circuit court to contest the will.

Judge MARSHALL delivered the opinion of the court.                January 12.

On the 9th day of April, 1853, Isaac Dale filed this     Case stated. petition in equity in the Barren circuit court, then in session, to contest the will of his son, Isaac Dale, which had been admitted to record. Process, returnable to the same term of the court, was executed on the executor and devisees, and they answered during the term. The defendants, in their answers, not only deny the material allegations of the petition, but set up and plead in bar the fact, that while the motion for admitting the will to probate was before the county court of Barren, the plaintiff had appeared in that court and opposed the probate, contesting the validity of the will; that upon the decision of that court being against him he appealed to the circuit court,

1. When a case is removed by change of venue from one county to another, if the case would stand for trial at the succeeding court of the county from which it is removed, and the papers be filed in the clerk's office of the court to which it is removed ten days before the ensuing court, it will stand for trial at that term. (*Chap.* 13, *sec.* 13, *Rev. Stat.; Code Practice, sec.* 517.)

and there again contested the will, and that upon an adverse decision in the circuit court he brought the case to this court, where the orders admitting the will to probate were affirmed.

In August, 1853, the venue of this cause was, on the application of the plaintiff, changed to Monroe county, and the papers and orders appear to have been transmitted in that month. On the 28th of September, 1853, the defendants filed in court the records of the proceedings of the county and circuit courts of Barren, upon the probate of the will. On the 29th of September the plaintiff had leave to amend the petition, which was done by interlineation, and on the same day the defendants moved to dismiss the petition on the ground of the bar relied on in the answer and sustained by the records filed. The plaintiff by his counsel opposed the motion, but the court being of opinion that the plaintiff was precluded from resorting to this remedy by the proceedings referred to in the answers, dismissed the petition, and overruled the plaintiff's motion for a rehearing, founded mainly upon the grounds that the plaintiff had no notice of the motion to dismiss, and was surprised by it; that the records filed on the previous day ought not to have been noticed, and that the plaintiff was deprived of the opportunity of contesting the facts pleaded, &c.

Upon these proceedings two questions are presented, viz: 1st. Was it proper to dispose of the case upon the motion to dismiss, made when it was made; and, 2d. Was it proper to dismiss the suit upon the grounds assumed?

Upon the first of these questions we observe that by section 405, of the Code, and the sections therein referred to, this case would have stood for trial at the fall term of the Barren circuit court if it had remained in that court, and that by section 13th, of chapter 13th, of the Revised Statutes, page 168, the papers having been transferred to the Monroe circuit court ten days before the September term, it stood for trial in that court at that term; and as the answer of the

defendants, setting up the matters of record which were relied on as a bar, had been filed in April, and the plaintiff had the entire intervening period to present his case by depositions, (*Code, sec.* 517,) or in such other mode as he chose, and as he must have been well apprised of the contents of the records referred to, and the verity of which he does not dispute, there is no pretext for the allegation of surprise by the record evidence used on the motion, and his surprise at the motion itself is of no importance, and especially as there is no suggestion that notice or procrastination could have availed him. The question under this first head resolves itself into an objection to the mode of presenting the question upon the plea, as being by motion of the defendant, instead of being on demurrer by the plaintiff, or on regular hearing of the cause; and as there was no motion made nor ground laid for a continuance, without which the cause might and would have been regularly heard at the same term, and as the question upon the answer and records referred to is a question of law and not of fact, we cannot perceive, that even if the mode of bringing it up for decision was not precisely regular, the plaintiff can have been prejudiced thereby, if the question of law was itself properly decided.

We therefore proceed to the second question, and that is, can the plaintiff resort to this remedy for contesting the will after having contested it at every point in the ordinary course of probate, beginning in the county court, and following up the litigation by appeal to the circuit court, when he had full opportunity for presenting any testimony in his power, and then bringing it to this court upon the record of the circuit court. The plaintiff, although he refers to the will and probate, the record of which shows that he appeared and contested the will in the county court, passes by in silence his attitude in the litigation which had taken place, and of course does not suggest that he had not full opportunity in that litigation to present every fact upon which he now relies for

2. Where one interested in opposing the proof of a will appears in the county court, appeals to the circuit court, and then to the court of appeals, and fails in his opposition, he cannot thereafter file a bill in chancery in the circuit court to contest the will.

sustaining his opposition, nor does he suggest that he did not in fact present, as fully as he is now able to do, every consideration of fact and law which could in his opinion tend to invalidate the will. If then this were an ordinary case, in which the plaintiff, after having made full defense at law, and followed it up through every tribunal from the lowest to the highest, sought to re-litigate in a court of equity the same matter dependent upon precisely the same facts and the same principles, there would not be a moment's hesitation in denying his right to do so, and even if in attempting thus to come into the court of equity he should be somewhat rudely repelled, he would have little right to complain.

But it is contended, that under the 11th section of the act of 1797, concerning wills, &c., *Statute Law* 1543, the remedy by bill in chancery to contest the validity of a will admitted to probate in the county court, is given to any person interested, without regard to the part which he may have taken in the ordinary proceeding for proof of the will. That section, after providing for the immediate proof in the county court, without regard to parties, proceeds thus: "if however any person interested shall, within seven years afterwards, appear, and by his bill in chancery contest the validity of the will, &c." In the case of *Rogers v. Thomas*, 1 *B. Monroe*, 392–3, this court intimates a decided opinion that the right of filing the bill is given only to one who had not before appeared in the course of the probate, and contested the validity of the will. In the case of *Hamilton v. Berry*, (14 *B. Monroe*, 31,) the opinion thus expressed in the previous case is said not to be a judicial decision, entitled to authority as such, because the question was not judicially presented; and although, in the case of *Hamilton v. Berry*, it is intimated that as upon general principles of expediency and justice, a party who has once participated in a regular litigation should be bound by the result, the same rule might be applied to the case of one, who after opposing the will as a

party in the ordinary course of probate, attempts, by bill in chancery, to renew the litigation, the question is not absolutely decided, because in that case it was considered that the complainant in the bill did not appear to have been a party to the previous litigation.

The question, as presented in this case, must now be decided, and although we might not regard the mere language of the 11th section as precluding a party who had opposed the will in the county court from afterwards contesting it by bill in chancery, still the language implies that the legislature was looking to a party who had not previously appeared as a contestant; and when, in addition to this inference from the language of the act, we recur to the general principles of expediency and justice before referred to, and of which it cannot be supposed that the legislature ever loses sight in the regulation of judicial proceedings, we think the 11th section of the act of 1797 may be construed as extending the remedy by bill in chancery, to those persons only who had not, by appearing in the ordinary proceedings for probate, and there contesting the will, placed themselves in a condition to be bound by the decision of the contest which they had voluntarily made. And this construction is fortified by the act of 1842, 3 *Statute Laws*, 585. The proviso to the third section of that act shows that the legislature of 1842 considered this as the true construction of the 11th section, and by providing for a more regular and formal decision of the question involved in the probate, by the intermediate appeal to the circuit court, from which there is an appeal to this court, it has given full opportunity for trying fully and fairly the question of will or no will, without a resort to the bill in chancery.

We conclude, therefore, that unless the plaintiff coming into equity shows, that by surprise or accident or some other cause he was prevented from taking the full benefit of his opposition to the will in the county or circuit court, the fact that he actually appeared and contested the will in those courts, or in

the circuit court, should and does preclude him from resorting to the remedy in equity.

Wherefore, the decree is affirmed.

HARLAN and CRADDOCK for plaintiff; SAMPSON and RITTER for defendants.